

**U.S. Department of Justice**

**MICHAEL J. SULLIVAN**
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

February 17, 2005

Timothy G. Watkins
Federal Defender's Office
408 Atlantic Avenue, 3rd floor
Boston, MA 02210


Re: United States v. Rolando Rivera
    Criminal No. 04-10355-GAO

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case Bates stamped #s 1-112:

A.  Rule 16 Materials

1.  Statements of Defendant under Rule 16 (a)(1)(A)

    a.  Written Statements

Enclosed are the following relevant written statements made by the defendant Rolando Rivera in the possession, custody or control of the government, the existence of which is known to the attorney for the government are included in the complaint affidavit, and Drug Enforcement Administration ("DEA")- 6 reports and State Police reports included herewith.

    b.  Recorded Statements

Consensual tape recordings were made of telephone conversations and personal meetings involving the defendant

Rolando Rivera. These recordings are available for your review and copies are available for defense counsel at the United States Attorney's Office and are being provided to the defendant at the facility where he currently is being held and are referenced as N-1 to N-7 (seven tapes).

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant Rolando Rivera did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendant before or after arrest other than those included in the DEA - 6 reports, and State Police reports provided herewith, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government's understanding is that you were provided with a copy of the defendant's criminal record by pretrial services. Kindly let me know if you need an additional copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

Additionally, enclosed are DEA - 6 reports and State Police reports Bates stamped #s 1-59; Grand Jury transcript Bates stamped #s 77- 112; DEA 7a reports Bates stamped #s 66-72.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the following documents:
DEA 7 reports concerning exhibit numbers 1-6, Bates stamped #s 60-65. The government will provide copies of the certificates of analysis from the State Police Crime Laboratory upon receipt of them.

The DEA fingerprint reports concerning the examination of items will be provided upon receipt of them.

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  Search Materials under Local Rule 116.1(C)(1)(b)

No searches, known to the government at this time were conducted in connection with investigation of the charges contained in the indictment in this case.

C.  Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.  Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below.

The defendant, Rolando Rivera arranged for the sale of heroin by participating in telephone calls involving the undercover officer setting up the drug transactions. The personal meeting tapes consist of recordings of conversations that occurred during the drug transactions involving the defendant and the undercover officer.

 "Although not required by Local Rule 116.1(C)(1)(d)(i), the government is producing the following reports relating to the consensual recordings":  DEA - 6 reports and State Police reports Bates stamped #s 1-59 referenced above.

3

The conversations on these tape recordings are primarily in English.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

At this time, I am unaware of the names of any known unindicted coconspirators as to the conspiracy charged in Count One of the indictment. The first names of unindicted coconspirators are included in the reports provided.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant Rolando Rivera was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure. Undercover Officer Mark Lemeiux did view a copy of the Massachusetts Registry of Motor Vehicles photo of the defendant and Cindy Marcial during the course of the investigation in an effort to determine the name of the defendant. Copies of these photos are included at Bates stamped #s 75-76.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.   The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.   No promises, rewards, or inducements have been given to

any witness whom the government anticipates calling in its case-in-chief.

    4.   The government is unaware that any of its named case-in-chief witnesses a criminal record.

    5.   The government is unaware that any of its named case-in-chief witnesses has any criminal cases pending.

    6.   No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue.

H.    <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and in the indictment in this case a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                      By:   <u>s/ Glenn A. MacKinlay</u>
                            GLENN A. MACKINLAY
                            Assistant U.S. Attorney

enclosures
cc: Rex Brown, Clerk to the Honorable Joyce London Alexander
    (w/o enclosures)